IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHELTON MYERS                                                            PLAINTIFF

VS.                                              CIVIL ACTION NO. 2:09cv236-KS-MTP

SHERIFF DANNY RIGEL and
CAPTAIN MIKE HARLIN                                       DEFENDANTS

## OMNIBUS ORDER AND ORDER ON MOTIONS

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 23, 2010. The Plaintiff appeared *pro se*, and Defendants were represented by attorney Will Allen. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time Plaintiff's claims arose, he was being housed at the Lamar County Jail (the "Jail"), having been charged with murder and two counts of aggravated assault.[2] Plaintiff's claims were clarified by his sworn

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is still housed at the Jail and is awaiting trial on these charges. Trial is currently set for September 2010. It is unclear whether Plaintiff is also being held for parole violations stemming from a prior Pennsylvania conviction.

1

testimony during the *Spears* hearing.[3]

Plaintiff claims that when he arrived at the Jail on April 18, 2006, he was automatically placed in segregation. At some point thereafter, Plaintiff heard that Defendant Harlin was planning to move him to the general population, and on June 8, 2006 Plaintiff claims that he wrote a letter to Harlin explaining that because of his mental problems[4] he could not be in a dormitory-style and, therefore, he wished to remain in segregation. Plaintiff claims that Harlin spoke to him and told him he would leave him in segregation but would try to give him more "dayroom" privileges. Plaintiff has remained in segregation since his arrival at the Jail - which, as Plaintiff testified at the hearing, is the only place he wants to be.

Plaintiff claims that until October 2009 he was receiving various privileges in segregation, such as visitation privileges, canteen privileges, and yard and dayroom time. However, according to Plaintiff, in October 2009 Defendant Harlin put in place a new policy at the Jail eliminating these privileges for all inmates in segregation. Thus, according to Plaintiff, he and the other inmates in segregation are locked in their cells 22-23 hours a day and are not allowed canteen or visitation privileges.[5]

Plaintiff asserts claims for violation of his due process and equal protection rights, as well as violation of the Americans with Disabilities Act. The relief Plaintiff is seeking is that he be afforded the same privileges that inmates in the general population receive, to the extent possible.

---

[3]*See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[4] Plaintiff avers that he has been diagnosed with panic disorder and other unspecified mental problems.

[5] Plaintiff conceded that all inmates in segregation are denied these privileges, regardless of why they are in segregation. Plaintiff pointed out, however, that unlike him, most inmates in segregation are not there for a long period of time.

## 2. DISCOVERY ISSUES

Within thirty days, Defendant shall produce to Plaintiff: a copy of his medical file from the Jail; and any documents outlining the privileges that Plaintiff has received and has lost at the Jail and the reasons for the loss of privileges, to the extent those documents have not already been produced.[6]

There are no other discovery matters pending at this time, except for those set forth herein. The discovery set forth above will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

## 3. PENDING MOTIONS

Plaintiff's Motion for Reconsideration [22] is denied. In the motion, Plaintiff requests that the court reconsider its prior Order [10] denying his Motions to Appoint Counsel [3] [8]. Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at * 1 (S.D. Miss. May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. June 20, 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at * 1 (citations omitted), and its purpose

---

[6] At the omnibus hearing, Defendants produced to Plaintiff his entire Jail file.

3

"is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, 2000 WL 1349184, at * 3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at * 2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at * 3.

As noted by the court in its previous Order [10], "Plaintiff's complaint is well presented and contains no novel points of law which would indicate the presence of 'exceptional circumstances.'" In the instant motion, Plaintiff does not provide the court with any reason why the court should re-visit that Order, arguing only that he needs assistance in locating certain witnesses and documents. This does not justify the granting of Plaintiff's motion.

Plaintiff's Motion to Amend and Correct Complaint [21] is denied. In the motion, Plaintiff seeks to assert claims against Defendants in their individual capacities. However, as Plaintiff is only seeking injunctive relief, the court finds that this is unnecessary. Accordingly, the motion shall be denied and Plaintiff's complaint shall be deemed to assert claims against Defendants in their official capacities only.

Plaintiff's Motion for Preliminary Injunction [4] will be addressed in a separate Report and Recommendation.

### 4. **MOTIONS DEADLINE AND TRIAL**

The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010.

4

Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Within thirty days, Defendant shall produce to Plaintiff: a copy of his medical file from the Jail; and any documents outlining the privileges that Plaintiff has received and has lost at the Jail and the reasons for the loss of privileges, to the extent those documents have not already been produced.

2. Plaintiff's Motion for Reconsideration [22] is denied.

3. Plaintiff's Motion to Amend and Correct Complaint [21] is denied.

4. The deadline for the filing of motions (other than motions *in limine*) is July 15, 2010.

5. This order may be amended only by a showing of good cause.

6. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED on this the 3rd day of May, 2010.

s/ Michael T. Parker
United States Magistrate Judge