IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHELTON MYERS                                                                              PLAINTIFF

VS.                                               CIVIL ACTION NO. 2:09cv236-KS-MTP

SHERIFF DANNY RIGEL and
CAPTAIN MIKE HARLIN                                             DEFENDANTS

## ORDER

THIS MATTER is before the court on a Request for Production of Documents, Request for Court Assistance to Obtain Declarations [33] filed by Plaintiff. In the motion, Plaintiff seeks assistance from the court in obtaining contact information for a number of former employees of the Lamar County Jail. Plaintiff avers that he needs this information so that he can obtain declarations to submit in opposition to Defendants' Motion [31] for Summary Judgment.[1]

At an omnibus hearing held on April 23, 2010, Plaintiff was given an opportunity to identify the discovery that he needed in order to prosecute this case. Plaintiff did so, and the court entered an Order [24] setting forth the discovery that Defendants were to provide to Plaintiff.[2] The court further stated: "There are no other discovery matters pending at this time, except for those set forth herein. The discovery set forth above will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate

---

[1] Defendants filed their Motion [31] for Summary Judgment on July 30, 2010. Plaintiff has not yet responded to the motion.

[2] The court ordered that Defendants produce to Plaintiff: a copy of his medical file from the Jail; and any documents outlining the privileges that Plaintiff has received and has lost at the Jail and the reasons for the loss of privileges, to the extent those documents had not already been produced. *See* [24]. At the hearing Defendants produced to Plaintiff a copy of his entire jail file.

considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1)."[3]

The court notes that the motions deadline in this case was originally set for July 15, 2010, and was later extended to July 30, 2010. *See* [24] [30]. Thus, Plaintiff's motion is untimely and comes only after the Defendants have moved for summary judgment. Moreover, Plaintiff does not explain why he needs to obtain declarations from the individuals listed in the motion in order to be able to respond to Defendants' motion. Rather, he vaguely states that the witnesses "can testify to facts pertaining to his case," that their "testimony will be crucial in Plaintiff prevailing in his complaint," that they "will also provide other facts needed in this case in relation to the Plaintiff's mental and emotional state of mind," and they "could further provide specific dates of events concerning this case." The court finds that this is insufficient to justify the granting of additional discovery to Plaintiff at this juncture.

IT IS, THEREFORE, ORDERED THAT Plaintiff's Request for Production of Documents, Request for Court Assistance to Obtain Declarations [33] is denied.

IT IS FURTHER ORDERED that if Plaintiff intends to respond to Defendants' Motion for Summary Judgment [31], he shall do so on or before September 17, 2010. If Plaintiff fails to respond by September 17, 2010, the court shall consider and rule upon the motion without his response.

SO ORDERED this the 31st day of August, 2010.

                                         s/ Michael T. Parker
                                         United States Magistrate Judge

---

[3] In support of his request for discovery, Plaintiff claims that the court stated that it would "consider assisting the Plaintiff in summoning witnesses at some point in the proceedings." *See* Request [33] at 2. However, what the court stated was: "If the case proceeds to trial, we will have a pretrial conference and [plaintiff] can identify witnesses at that point. If they are deemed necessary, they can be subpoenaed to testify--if it gets that far." *See* [31-1] at 38.