IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHELTON MYERS                                                              PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 2:09cv236 KS-MTP

SHERIFF DANNY RIGEL AND
CAPTAIN MIKE HARLIN                                                      DEFENDANTS

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This cause is before the Court on Motion for Preliminary Injunction [4] filed by Plaintiff Shelton Myers ("Myers"), Report and Recommendation submitted by Magistrate Judge Michael T. Parker [25] and Objection thereto filed by Myers [27]. The Court has considered the above as well as the record in this matter and does hereby find as follows:

I. PROCEDURAL HISTORY

Plaintiff filed suit *pro se* on November 18, 2009 pursuant to 42 U.S.C. § 1983. At the time Plaintiff's claims arose, he was being housed at the Lamar County Jail (the "Jail"), having been arrested and charged with murder and two counts of aggravated assault, as well as a probation violation.[1] As clarified by his sworn testimony at the *Spears* hearing,[2] Plaintiff asserts

---

[1] Plaintiff is still housed at the Jail and is awaiting trial on the murder and aggravated assault charges. Trial is currently set for September 2010.

[2] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

claims arising out of his confinement in segregation at the Jail[3] and the resulting restriction of privileges.

According to Plaintiff, when he arrived at the Jail on April 18, 2006, he was automatically placed in segregation. At some point thereafter, Plaintiff heard that Defendant Mike Harlin, the Jail Administrator, was planning to move him to the general population and on June 8, 2006, Plaintiff wrote a letter to Harlin explaining that because of his mental problems[4] he could not be in a dormitory-style and, therefore, he wished to remain in segregation. It is undisputed by the parties that Plaintiff has remained in segregation since his arrival at the Jail, per his request.[5] Indeed, Plaintiff concedes that he wants to be housed in segregation.

Plaintiff claims that prior to October 2009 he was receiving various privileges in segregation, such as visitation, canteen, and yard and dayroom time. However, in October 2009, new regulations were put into place at the Jail regarding privileges for inmates in Cell Block A. Pursuant to these regulations, inmates in Cell Block A receive yard call twice a day for two hours

---

[3] Plaintiff is housed in A Block, which is the cell block for inmates on lockdown, segregation, protective custody and medical status. *See* Affidavit of Michael Harlin (Exh. B to Response to Motion) ¶ 4. This is the only cell block at the Jail with individual cells for male inmates and, therefore, is the only place where male inmates can be segregated. *See id.*

[4] Plaintiff avers that he has been diagnosed with panic disorder and other unspecified mental problems.

[5] In their response to the motion, Defendants stated that Plaintiff was being housed in segregation because of his "alleged medical condition as well as the fact that he was categorized as a suicide risk, has threatened harm to fellow inmates and threatened a jail officer." *See* Response [18] at 2; *see also* Response at 6. However, at the *Spears* hearing, Defendants' counsel represented that although there had previously been security and suicide concerns with respect to Plaintiff, such concerns were no longer an issue, and that Plaintiff can be placed into the general population if he wants to be. Thus, according to Defendants' counsel, the only reason Plaintiff is currently being housed in segregation is because he has requested it.

and scheduled time for religious services, but are not permitted visitation (other than with legal counsel), canteen privileges or television. *See* Harlin Aff. ¶¶ 8, 11. Plaintiff concedes that all inmates in segregation are denied these privileges, regardless of why they are in segregation.[6]

In this lawsuit, as well as in the instant motion, Plaintiff asserts claims for violation of his due process and equal protection rights, as well as violation of the Americans with Disabilities Act (ADA). Plaintiff claims that although he is housed in segregation at the Jail by his own request, he should be afforded the same privileges that inmates in the general population receive, to the extent possible. Specifically, Plaintiff seeks an order directing Defendants to: refrain from housing him in an isolation cell 22-23 hours a day; allow him to receive all privileges enjoyed by the general population, including access to television, full commissary purchases and family visitation; and to refrain from discriminating against him and to grant him equal access to "all reasonable Lamar County Jail facility programs and activities."

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v.*

---

[6] Plaintiff pointed out, however, that unlike him, most inmates in segregation are not there for a long period of time.

*Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection, Myers challenges some of the rulings and statements of Judge Parker. However, in the end, Myers agrees that he requested segregation and it is unquestioned that the only place that he can be segregated is the cell block in which he is housed. His complaint is that the jail has not made special accommodations for him to have the same privileges as inmates in the dormitory part of the jail and the response of the jail authorities is that it is impossible to accommodate the segregated cells.

There were some statements about mental issues that Myers had but the bottom line is that he requested segregation, he was given segregation, but that he does not want to be treated like other segregated prisoners. It is true that he has been segregated for a longer period of time than most inmates. He has been in jail four years awaiting trial.

In his analysis Judge Parker goes through the requirements for a temporary restraining order or preliminary injunction. Myers' complaint does not meet the criteria and it was properly denied. In his Equal Protection Clause claim, Myers notes that he is treated like every other prisoner in Cell Block A - the segregation section, and he has not made out a case for violation of his equal protection rights.

His claim for Americans With Disabilities Act violations is totally without merit. He has not been shown to be a "qualified individual with a disability" in addition to the fact that he has

4

not been shown to have been discriminated against because of his disability.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Myers' objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that the Motion for Preliminary Injunction [4] be and the same is hereby denied.

SO ORDERED this the 14th day of September, 2010.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE