# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

SHELTON MYERS                                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO. 2:09-CV-236-KS-MTP

SHERIFF DANNY RIGEL and
CAPTAIN MIKE HARLAN                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Presently before the Court are Defendants' Motion for Summary Judgment [31], the

Magistrate Judge's Report and Recommendations [39], and Plaintiff's objection thereto [41]. For

the reasons stated below, the Court **adopts** the Magistrate Judge's Report and Recommendations and

**grants** Defendants' Motion for Summary Judgment. Accordingly, this case is closed.

## I. BACKGROUND

There is no material factual dispute in this matter. Plaintiff is a pretrial detainee at the Lamar

County Jail. He was arrested on April 18, 2006, and currently awaits trial on a charge of murder and

two counts of aggravated assault. The Lamar County Jail consists of four (4) cell blocks. Block B

is the female cell block, while Blocks A, C, and D are the male cell blocks. Two of the male cell

blocks – Blocks C and D – are dormitory-style cell blocks comprised of a single, open room with

bunk beds for inmates. Block A – the remaining male cell block – contains individual cells for

segregating inmates who pose a security risk or must be confined for their own protection.

Plaintiff has been housed in Block A – the male segregated cell block – since his arrival at

the Lamar County Jail in April 2006. Plaintiff claims to suffer from a mental disorder – "panic

disorder with agoraphobia." Therefore, Plaintiff desires to be housed in the segregated cell block.

While Defendants have had other reasons during the past four years for housing Plaintiff in the

segregated cell block,[1] he is currently there because he does not want to share a cell with another inmate or live in the dormitory style cell block with other inmates. Plaintiff desires to be segregated, and he has, on occasion, requested that he remain in segregation. Block A is the only cell block in the Lamar County Jail where male inmates may be segregated.

Prior to October 2009, inmates in Block A – including Plaintiff – were allowed privileges similar to those of inmates in general population, including visitation privileges, access to television, canteen privileges, and additional time in a "day room." However, in October 2009, the Lamar County Jail instituted new regulations, which altered the privileges of all inmates housed in Block A. Now, segregated inmates in Block A receive yard call twice a day and scheduled time for religious services, but they are not permitted visitation (other than with legal counsel), access to food items from the canteen, or access to television. These restrictions apply to all inmates housed in Block A – including Plaintiff.

Plaintiff filed his Complaint [1] on November 18, 2009. He claims that the new regulations infringe upon his Constitutional rights. Specifically, he claims that the denial of visitation, canteen privileges, television privileges, and additional day room time constitute denials of his rights under the Fourteenth Amendment's due process and equal protection clauses. He also asserts that the denial of privileges constitutes a violation of the Americans with Disabilities Act, as he allegedly suffers from a mental disorder. He seeks injunctive relief and damages.

## II. STANDARD OF REVIEW

As Plaintiff filed a timely objection to the Magistrate Judge's Report and Recommendation,

---

[1]The record contains evidence that Plaintiff threatened to harm himself, other inmates, or guards. However, those concerns have largely abated, according to Defendants.

the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* However, the Court is not required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Further, the Court is not required to consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982)).

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138 (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville*

3

*v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138 (quoting *Daniels*, 246 F.3d at 502). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

Plaintiff does not challenge his prolonged detention without trial or the fact that he has been in the segregated cell block for his entire stay at the Lamar County Jail. Likewise, Plaintiff does not challenge the inmate classification system employed at the Lamar County Jail. To the contrary, Plaintiff wishes to remain in segregation, rather than be transferred to the jail's general population. However, he does not wish to be subjected to the heightened restrictions of the segregated cell block. Simply put: he wants the benefit of having his own cell without the concomitant restrictions imposed upon segregated inmates.

After examining the record evidence, the parties' briefing, the Magistrate Judge's Report and Recommendations, and Plaintiff's objections thereto, the Court adopts the Magistrate's factual findings and legal conclusions. As such, it is unnecessary for the Court to reiterate those findings and conclusions herein. *Koetting*, 995 F.2d at 40. However, the Court will briefly address Plaintiff's objections.

### A.    *Fourteenth Amendment*

#### 1.    *Due Process*

Plaintiff argues that the conditions placed upon him are more restrictive than necessary to

ensure his presence at trial. "The Fourteenth Amendment prohibits the 'imposition of conditions of confinement on pretrial detainees that constitute punishment.'" *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004) (quoting *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)). "[P]retrial detainees' due process rights are violated when they are subjected to conditions of confinement that constitute punishment which are not reasonably related to a legitimate governmental objective." *Id.*

Defendants cited the following reason for the October 2009 change in the regulations governing inmates housed in Cell Block A:

> The Lamar County Jail maintains an inmate population of approximately 130 inmates. To facilitate visitation, the Jail has a six booth visitation room which allows approximately 6 inmates at a time to visit with citizens. In order to meet visitation demands, the Jail runs visitation seven days a week. The Lamar County Jail cannot maintain the segregated status of those in A Block and run an orderly visitation, as to do so would require inmates from Cell Block A to be given visitation alone. Given that the Jail already has difficulty meeting visitation demands for those in general population, providing visitation for those in segregated status is not feasible and will interfere with the orderly administration of the Jail.

In response, Plaintiff briefly argues that the jail's population is constantly changing, and, therefore, the jail does not always function at peak capacity. He further argues that every inmate does not receive visitors each week, and, therefore, allowing inmates in Cell Block A to enjoy visitation rights would not disrupt the jail's administration.

"Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990). "In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion," the Court must remember that such "considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence

5

of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell v. Wolfish*, 441 U.S. 520, 540 n. 23, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). Plaintiff has not presented any substantial evidence that Defendants exaggerated their concerns as to the feasibility of allowing segregated inmates to enjoy visitation privileges.[2] *See Grabowski v. Jackson Cnty. Pub. Defenders Office*, 47 F.3d 1386, 1392 (5th Cir. 1995) (evidence showed that denial of telephone, recreation, and canteen privileges was the result of personnel constraints and, therefore, not a punishment or arbitrary deprivation of privilege). Therefore, the Court finds that Defendants' denial of visitation rights to inmates housed in the segregated Block A is reasonably related to a legitimate governmental objective.

While the explanation above provides a rational basis for the denial of visitation privileges, it does not explain the change in policy regarding television privileges, canteen privileges, and the amount of exercise/recreation time. The record does not appear to contain any evidence that the same logistical concerns which prompted the change in visitation policy were relevant to the decision to remove the other privileges. However, as the Court shall presently explain, alternate grounds for judgment exist for each of those issues.

With respect to Plaintiff's complaint regarding insufficient time outside his cell, the Court first notes that pretrial detainees do not necessarily have a Constitutional right to outdoor exercise and recreation. *Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979); *see also Callicutt v. Panola*

---

[2]To the extent that the arguments and allegations contained in Plaintiff's Objection [41] and Response [36] may be considered "substantial evidence" that Defendants' concerns are exaggerated, they are unsworn and do not comply with 28 U.S.C. § 1746. Therefore, they are not competent sworn testimony for summary judgment purposes. *See Hart v. Hairston*, 343 F.3d 762, 764 n. 1 (5th Cir. 2003).

*Cnty. Jail*, 200 F.3d 816, 2009 WL 1095663, at *3 (5th Cir. 1999); *Odneal v. Hinojosa*, 357 F. App'x 598, 599 (5th Cir. 2009) (loss of recreation privileges does not implicate due process concerns). Regardless, it is undisputed that Plaintiff enjoys a yard call twice a day. Plaintiff admitted that he receives at least one to two hours a day outside his cell. Moreover, Plaintiff has failed to offer any evidence that the amount of time he is confined to his cell is detrimental to his health. *See Jones*, 594 F.2d at 1013.

As for Plaintiff's complaint regarding the removal of canteen privileges, this Court has repeatedly noted that some authorities support the proposition that inmates do not have a Constitutional right to canteen or commissary privileges. *Rowell v. Jackson Cnty.*, No. 1:08–CV–1368, 2010 U.S. Dist. LEXIS 47767, at *19 (S.D. Miss. Mar. 9, 2010); *Ellison v. Broadus*, No. 1:08–CV–262, 2009 U.S. Dist. LEXIS 125944, at *28 (S.D. Miss. Dec. 8, 2009); *Hey v. Broadus*, No. 1:08–CV–220, 2009 U.S. Dist. LEXIS 124686, at *25 (S.D. Miss. Aug. 4, 2009); *Armstrong v. Broadus*, 2009 U.S. Dist. LEXIS 125942, at *24 (S.D. Miss. Apr. 23, 2009). The Fifth Circuit has likewise indicated that the loss of commissary privileges does not implicate due process concerns. *Odneal*, 357 F. App'x at 599 (citing *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)). Accordingly, Plaintiff's loss of commissary privileges does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).

As for Plaintiff's loss of television privileges, some courts have held that the denial of television privileges does not implicate due process concerns. *See Murphy v. Walker*, 51 F.3d 714, 718 n. 8 (7th Cir. 1995) (denial of television privileges does not raise due process concerns); *Magee*

*v. Crowe*, No. 09-0167, 2010 U.S. Dist. LEXIS 42205, at *24-*26 (E.D. La. Apr. 1, 2010) (loss of canteen and television privileges did not raise constitutional concerns); *Ellis v. Crowe*, No. 09-3061, 2009 U.S. Dist. LEXIS 125154, at *18-*19 (E.D. La. Dec. 18, 2009). Furthermore, "there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. at 539 n. 21 (quoting *Ingraham v. Wright*, 430 U.S. 651, 674, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977)). The Court is of the opinion that the denial of television privileges, by itself,[3] is not the sort of "atypical, significant deprivation in which a State might conceivably create a liberty interest." *Odneal*, 357 F. App'x at 599 (quoting *Sandin*, 515 U.S. at 486, 115 S. Ct. 2293).

Finally, in order to make out a Section 1983 claim, Plaintiff must prove "(1) he was deprived of a right or interest secured by the Constitution and laws of the United States, and (2) the deprivation occurred under color of state law." *Buckenberger v. Reed*, 342 F. App'x 58, 61 (5th Cir. 2009) (citing *James v. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)). Plaintiff must also prove "that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *Id.* It is undisputed that Plaintiff remains in Cell Block A because he does not want to return to the general population. Defendants offered evidence that Plaintiff could be transferred to Cell Block C or Cell Block D whenever he wishes, and that, once transferred, he would enjoy all of the privileges he once enjoyed. However, despite argument to the contrary in his briefing, Plaintiff remains in segregation because he does not want to share a cell with another inmate or to share a dormitory style living space. Accordingly, Plaintiff has failed to show that Defendants caused any of the alleged deprivations in this matter. According to the undisputed

---

[3]Plaintiff has not alleged that he was denied television privileges out of any intent to punish or out of retaliation. He contends that the denial of television privileges without due process, after having previously enjoyed them, is a constitutional deprivation, in and of itself.

8

evidence in the record – including Plaintiff's own testimony – he is free to resume enjoyment of all the privileges he lost in October 2009 whenever he wishes, upon a transfer to the jail's general population.

For all of the reasons stated above, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's due process claim.

2.      *Equal Protection*

To survive summary judgment on his equal protection claim, Plaintiff must prove "that he received treatment different from that received by similarly situated individuals." *McAlister v. Livingston*, 348 F. App'x 923, 937 (5th Cir. 2009) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) (per curiam)). While Plaintiff argues in his Objection to the Magistrate Judge's Report and Recommendations that there are other inmates housed in the segregated cell block that are allowed visitation and canteen privileges,[4] the record contains no evidence that Cell Block A's restrictions are not applied in an evenhanded manner. Indeed, during the Omnibus Hearing before the Magistrate Judge, Plaintiff admitted that every inmate housed in Cell Block A was subjected to the same restrictions. Therefore, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's equal protection claim.

**B.      *Americans with Disabilities Act***

With respect to Plaintiff's ADA claim, it does not appear as if Plaintiff has made any specific objections to the Magistrate Judge's Report and Recommendations. Rather, Plaintiff has restated his

---

[4]As previously noted, the arguments and allegations contained in Plaintiff's Objection [41] and Response [36] are unsworn and do not comply with 28 U.S.C. § 1746. Therefore, they are not competent sworn testimony for summary judgment purposes. *See Hart*, 343 F.3d at 764 n. 1.

arguments in response to Defendant's Motion for Summary Judgment. The Court adopts the analysis of the Magistrate Judge, finding that the Plaintiff failed to establish that he has an impairment that substantially limits his major life activities and, therefore, qualifies as a disability under the ADA. Accordingly, there is no need to reiterate that analysis here. *Koetting*, 995 F.2d at 40.

The Court further notes that Plaintiff's ADA claim "lacks merit because he has not . . . shown that he was adversely treated solely because of his handicap . . . ." *Davidson v. Tex. Dep't of Crim. Justice*, 91 F. App'x 963, 965 (5th Cir. 2004) (citing *Judice v. Hosp. Serv. Dist. No. 1*, 919 F. Supp. 978, 981 (E.D. La. 1996)). Plaintiff alleges that he has been denied certain privileges because of his purported mental condition, but Plaintiff failed to offer any evidence to support that allegation. In fact, all the evidence in the record suggests that Plaintiff was denied certain privileges because he is housed in Cell Block A, the segregation unit. The evidence further shows that Plaintiff is free to transfer to Cell Block C or Cell Block D and enjoy said privileges, but that he remains in Cell Block A because he does not wish to share a cell or dormitory style living space with other inmates.

For the reasons stated above, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's ADA claim.

## IV. CONCLUSION

For all the reasons stated above, the Court **adopts** the Magistrate Judge's Report and Recommendations [39] and **grants** Defendants' Motion for Summary Judgment [31]. Accordingly, this case is closed.

**SO ORDERED AND ADJUDGED** this 10th day of March, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE